**ALAMOANA S. MULITAUAOPELE, Appellant**

**v.**

**ARONA MAIAVA, JR., Acting Territorial Auditor, and TERRITORIAL AUDIT OFFICE OF THE AMERICAN SAMOA GOVERNMENT, Appellees**

High Court of American Samoa
Appellate Division

AP No. 14-93

December 7, 1995

Before KRUSE, Chief Justice, ALARCON,[*] Acting Associate Justice, UNPINGCO,[**] Acting Associate Justice, TAUANU'U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel:        For Appellant, Alamoana S. Mulitauaopele, *Pro Se*
                    For Appellees, Cheryl A. Quadlander,   Assistant Attorney General

Opinion:

KRUSE, C.J.:

## I. Introduction

On July 13, 1993, Alamoana S. Mulitauaopele ("Appellant") petitioned the High Court for a writ of mandamus to require the acting territorial auditor and the Territorial Audit Office ("TAO") to audit the House of Representatives of the Legislature of American Samoa concerning alleged over-expenditures and misuse of public funds. The High Court denied the petition on August 2, 1993. The court denied Appellant's motion for reconsideration on August 25, 1993, and a timely appeal was filed. We now issue our decision in this matter.

## II. Discussion

### A. Requirements for the Issuance of a Writ of Mandamus

■ Appellant first contends that the trial court erred in applying the standards for the issuance of a writ of mandamus. The trial court held that mandamus will not issue unless "(1) the plaintiff has a plain right to have the act performed; (2) the defendant has a plain duty to perform it;

---

[*]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**]    Honorable John S. Unpingco, Chief Judge, United States District Court for Guam, serving by designation of the Secretary of the Interior.

and (3) there is no other adequate remedy available to the plaintiff." Order Den. Pet. for Writ of Mandamus at 1 (Trial Div. Aug. 2, 1993) (quoting *Gifford Pinchot Alliance v. Butruille*, 742 F. Supp. 1077, 1082-83 (D. Ore. 1990). We agree that this is the correct standard, and it is in accordance with precedent. *See, e.g., Siofele v. Shimasaki*, 9 A.S.R.2d 3, 11 (Trial Div. 1988); *see also American Samoa Gov't v. District Court*, 10 A.S.R.2d 18, 19 (Trial Div. 1989) (stating that absence of any other adequate relief is a prerequisite to issuing a writ of mandamus). Appellant has explicitly accepted this test as correct. *See* Appellant's Br. at 5-6.

He contends, however, that the trial court erred in considering whether the auditor's duty was "discretionary" or "nondiscretionary." According to Appellant, the discretionary nature of a duty should only be considered in an application for a "Common-Law Writ of Mandamus." *Id.* at 6. Appellant claims, instead, to be seeking an "Extraordinary Writ of Mandamus." *Id.*

■ Appellant's argument is based upon the false assumption that there are two types of mandamus--extraordinary mandamus and common-law mandamus. No such distinction exists. The writ of mandamus is one of a number of common-law writs referred to as extraordinary writs or extraordinary remedies. *See* DAN B. DOBBS, HANDBOOK ON THE LAW OF REMEDIES 111-12 (1973). Other extraordinary writs included the writs of prohibition, habeas corpus, certiorari, and quo warranto.[1] *Id.* at 111 & n.47. Whether referring to an "extraordinary writ of mandamus" or a "common-law writ of mandamus," the court is referring to the same thing. The standard for issuance does not change, regardless of what the court calls the writ. Thus, the trial court did not improperly apply the criteria of a "common-law writ of mandamus" to Appellant's application.

■ Furthermore, determining whether an act is discretionary is a necessary incident to determining whether the defendant has a "plain duty" to perform the act under the second criterion of the three-part test. In fact, the *Gifford Pinchot* case discusses ministerial and discretionary duties in the sentences immediately following the one in which it sets out the three-part test which the trial court adopted and Appellant has accepted as correct. *See Gifford Pinchot Alliance, supra* at 1083.

For these reasons, Appellant is incorrect when he claims that the trial court erred by considering the discretionary nature of the territorial

---

[1] These writs were called "extraordinary" because, unlike other writs, an extraordinary writ "was not used to originate an action at law or to cause the sale of goods to pay the judgment, but was in itself a coercive order, even though it issued out of the law rather than equity court." *Id.* at 111.

auditor's duty. This is a necessary part of the determination whether a writ of mandamus should issue, and the trial court was correct in considering it.

## B. Application of the Three-Part Test

█ The trial court held that Appellant did not satisfy the three-part test for issuance of mandamus. On appeal, Appellant has done nothing more than make a conclusory statement that he has satisfied the three-part test. *See* Appellant's Br. at 11. He has presented no arguments or showing that the trial court erred in its application of the test. As appellant, he has the burden of showing that the trial court erred. *See* 5 Am. Jur. 2d *Appeal & Error* § 704 (1962 & Supp. 1993) (trial court judgment is presumed correct). Unsupported conclusions do not carry this burden. We must accept that the trial court has properly applied the three-part test in denying the petition for the writ of mandamus.

## C. Violation of Due Process

Appellant next contends that the trial court erred in finding that his due process rights had not been violated. The trial court stated that "[p]rocedural due process constrains government decisions which deprive an individual of some 'property' or 'liberty' interest. . . . petitioner has neither shown the existence of a property interest nor that his property has been taken." Order Den. Mot. for Recons. at 2 (Trial Div. Aug. 25, 1993). Appellant claims that his property interest lies in the 2% annual income tax he pays as an employee of the government.

Appellant's argument is wrongly constructed, however. He does not challenge the ability of the Legislature to tax him and spend the money as part of the general fund. Rather, he challenges the refusal of the territorial auditor to undertake an audit of the Legislature. It is this governmental action--the refusal to undertake an audit--in which the Appellant must show a property interest. He has not done this. Regardless of whether the audit is undertaken, Appellant will continue to be taxed at the same rate. Thus, he has shown no property interest in the territorial auditor's refusal to audit the legislature.

█ Appellant argues that his standing to bring suit as a taxpayer necessarily shows that he has a property interest which has been infringed. This argument is also misplaced. The mere fact that a person has standing to bring an action does not mean that they have a property interest at stake. The requirements for standing are that the plaintiff have suffered an injury in fact, that the injury be fairly traceable to the challenged action, and that the injury be fairly redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1991).

In seeking mandamus, the injury Appellant is trying to cure is the failure of the territorial auditor to audit the legislature. He is not seeking the return of the property he alleges has been taken--i.e., his income tax. As was stated above, Appellant has shown no property interest in the audit itself. There are innumerable cases in which the plaintiff, although having standing to bring a due process challenge, is ultimately found to have no property interest. *See, e.g.*, *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773 (1980) (holding that nursing home patients did not have a property interest in receiving care at a particular facility); *Hoopa Valley Tribe v. Christie*, 805 F.2d 874, 879 (9th Cir.), *modified* 812 F.2d 1097 (9th Cir. 1986) (holding that a tribe had no property interest in the continued operation of a Bureau of Indian Affairs office on the reservation); *Punikaia v. Clark*, 720 F.2d 564, 566 (9th Cir. 1983) (holding that unilateral expectation of continued service at a particular state-operated leprosy hospital did not give rise to a due process claim).

Thus, the mere fact that Appellant has standing in this action does not lead to the conclusion that he has been deprived of his property without due process of law.

### D. Constitutionality of the Statute Creating the Territorial Audit Office

Appellant next contends that A.S.C.A. § 4.0401, the statute creating the TAO and vesting the director with the discretion whether to undertake audits, is unconstitutional. His contention is primarily based upon the mistaken assumption that "it is also the function(s) of the Courts[] to protect the public it serves[] from bad laws." Appellant's Br. at 9. Even if A.S.C.A. § 4.0401 is a "bad law," as Appellant contends, we disagree with his assertion that it is the court's job to protect the public from such laws.

■ It is true that laws which do not comply with the Constitution will be found to have no application. *See, e.g,* *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803). However, Appellant does not explain to us how A.S.C.A. § 4.0401 offends either the United States Constitution or the Revised Constitution of American Samoa. We cannot simply find a law unconstitutional because we do not like it or feel it is "bad." The trial court was correct that "[a] statute's 'wisdom is not the concern of the courts; if a challenged action does not violate the Constitution, it must be sustained.'" Order Den. Mot. for Recons. at 3 (quoting *Immigration & Naturalization Serv. v. Chadha*, 462 U.S. 919, 944 (1983).

We see no reason, and Appellant has given us none, for finding A.S.C.A. § 4.0401 unconstitutional. We agree with the trial court that if Appellant

120

finds the territorial auditor's discretion offensive, his recourse is with the Legislature, not with the court.

## III. Conclusion

Thus, Appellant has not shown any error in the trial court's decision denying his petition for a writ of mandamus. The judgment of the trial court is, therefore, AFFIRMED.